M. BERNSTEIN *v.* UNITED STATES (No. 3356)[1]

United States Court of Customs and Patent Appeals, November 3, 1930

*Barnes, McKenna & Halstead* (*Samuel M. Richardson* and *Joseph Schwartz* of counsel) for appellant.

*Charles D. Lawrence*, Assistant Attorney General (*Reuben Wilson*, special attorney, of counsel), for the United States.

[Oral argument October 7, 1930 by Mr. Richardson and Mr. Lawrence]

Before GRAHAM, Presiding Judge, and BLAND, HATFIELD, GARRETT, and LENROOT, Associate Judges

LENROOT, Judge, delivered the opinion of the court:

In this case appellant imported certain merchandise from China which he entered on August 3, 1926, at a value that included a specific item of Chinese export duty. Upon entry, a so-called

[1] T. D. 44379.

"duress" certificate was filed by appellant, stating that the entered value of the merchandise was higher than the dutiable value, and that the goods were so entered to meet advances made by the appraiser in "similar cases now pending on appeal to reappraisement. The similar cases now pending are entries No. 765862 at the port of New York." This certificate was made in the form prescribed in article 268, Customs Regulations of 1923, the pertinent part of which reads as follows:

ART. 268. *Additions to meet advances by appraiser pending reappraisement.*— The importer may at the time of making his entry make additions to meet advances made by the appraiser upon previous importations then pending before the general appraisers upon reappraisement.

An importer making such addition on entry should make his certificate at the time of entry in substantially the following form:

I hereby certify that the entered value of the merchandise mentioned below is higher than the dutiable value and that the goods are so entered in order to meet advances by the appraiser in similar cases now pending on appeal for reappraisement. The similar cases now pending are entries Nos. _____ at the port of _____, reappraisement Nos. _____.

As a matter of fact, there was no reappraisement pending, at the time of the entry here involved, upon the cited entry No. 765862, but there were at that time five similar cases pending on appeal for reappraisement. None of these cases was cited in the certificate filed by appellant herein, but it is admitted that the collector at New York was aware of the fact that the said cases were pending on the date of the entry here involved.

The Government impliedly admits that said last-mentioned cases were decided in favor of the importer subsequent to the date of the entry of the merchandise here in question, as it has made no claim to the contrary.

The merchandise in the instant case was appraised at the entered value, and appellant appealed to reappraisement. Upon reappraisement the appraised value was affirmed, less the amount of export duty added by appellant as aforesaid.

Thereafter, the collector liquidated the entry at the entered value, declining to liquidate at the lower reappraised value on the ground that appellant had not complied with the law, in that at the time of his entry no reappraisement was pending on entry No. 765862, named in the certificate as the "similar" case.

Following this action of the collector, appellant filed his protest, claiming, under the provisions of section 489 of the Tariff Act of 1922, that the liquidation here involved should have been made on the basis of final reappraised value, and that the assessment of duties is illegal and void.

At the trial in the court below a statement made by William F. Beller, acting deputy collector at the port of New York, was admitted

in evidence by consent of the parties, marked Exhibit I, and reads as follows:

1. On August 3, 1926, there were pending and undecided the following cases involving the question of whether or not the item of Chinese export tax was dutiable: Suit 2692; N. Y. Entry 821562; N. Y. Entry 905904; N Y. W. H. Entry 31085; and San Francisco Entry 6668.

2. This office was aware of the fact that the said cases were pending on that date.

3. As to all entries made prior to February 26, 1926, it was the practice of this office to permit amendments of "duress" certificates, as well as applications for liquidation on less than the entered value, in cases where such certificates or applications named an incorrect pending case, and to permit by such amendment the substitution of a correct pending case, and to liquidate such entries on their final, reappraised value, provided all other requirements of section 489 of the Tariff Act of 1922 had been met.

4. As to all entries made subsequent to February 26, 1926, it was the practice of this office to refuse such amendments, and to liquidate such entries on not less than the entered value by reason of such "duress" certificate having named an incorrect pending case.

[SEAL.]                                                                  WM. F. BELLER,
                                                                        *Acting Deputy Collector.*

Appellant at no time endeavored to amend his "duress" certificate by naming a correct "similar case then pending on appeal for reappraisement."

The lower court overruled the protest herein and rendered judgment in favor of the United States. From that judgment the importer appeals.

But one question is presented to us by the parties for determination. That question may be stated as follows: In making the certificate prescribed by section 489 of said Tariff Act of 1922, is it necessary for the importer to name or specify the pending case on appeal to reappraisement which he certifies is similar to his own?

If it be not necessary so to do, the Government concedes that the judgment below should be reversed.

Appellant makes the following contentions:

1. That the statute contains no requirement that the pending cases shall be specified, but requires merely a declaration that the goods are so entered to meet advances by the appraiser in similar pending cases;

2. That the customs regulations requiring that the pending cases shall be specified are invalid because they exceed the provisions of the statute;

3. That evidence introduced by consent shows that the collector, at the date of appellant's entry, was aware of at least five similar cases then pending on appeal, and that such fact made it unnecessary for appellant to specify any such case in his certificate.

Appellant makes certain other contentions which, in view of the conclusion we have reached, it is unnecessary to set out in detail.

The first question to be determined is whether said section 489 does require that the certificate therein prescribed shall specify a case then pending on appeal to reappraisement which is similar to that in which he makes the certificate.

If the answer be in the affirmative, it disposes of the case, for it is admitted that no such case was specified in the certificate here under consideration.

The pertinent part of said section 489 reads as follows:

\* \* \* Duties shall not, however, be assessed upon an amount less than the entered value, except in a case where the importer certifies at the time of entry that the entered value is higher than the value as defined in this Act, and that the goods are so entered in order to meet advances by the appraiser in similar cases then pending on appeal for reappraisement or re-reappraisement, and the importer's contention in said pending cases shall subsequently be sustained, wholly or in part, by a final decision on reappraisement or re-reappraisement, and it shall appear that the action of the importer on entry was so taken in good faith, after due diligence and inquiry on his part, and the collector shall liquidate the entry in accordance with the final appraisement.

It is apparent that there is no requirement in express words that any pending case shall be specified in the certificate, but we think that such requirement is clearly implied from the language used. Good faith after due diligence and inquiry are required upon the part of the importer as a condition precedent to his receiving the benefit of the section. Under appellant's theory that no similar cases then pending on appeal need be specified it would be almost impossible to administer the section. In our view, Congress could not have intended that a certificate not specifying any similar case pending on appeal for reappraisement would be sufficient. Congress could not have intended to throw the tremendous burden upon collectors of searching the records of the multitude of cases in the United States Customs Court, pending on appeal for reappraisement, to determine if any of them were "similar" to the case in which a "duress" entry is made. There are approximately 50 collection districts in the United States from which appeals to reappraisement are taken. While a collector could, perhaps, easily ascertain what appeals were pending from his own district, and whether any such case on appeal was similar to the case in which the "duress" entry was made, it would be a colossal task for him to make such determination for the entire United States. On the other hand, the importer must know, at the time of his entry, of cases which are similar to his own, in order to secure the benefits of section 489. This knowledge is clearly required by the section, and we hold that the similar case or cases upon which he relies must be specified in the certificate filed by him. Certainly, this construction of the statute involves no hardship upon the importer. Under appellant's theory, while an importer must

know at the time of his "duress" entry of specific cases pending on appeal for reappraisement which are similar to his own, he is entitled to the benefits of the section without disclosing that knowledge in his certificate. It is easily seen that such a construction would make it easy to perpetrate frauds upon the Government. An unscrupulous importer might make a "duress" entry without any information whatever as to any similar pending cases, but hoping that there might be some such, knowing that the collector would be compelled to ascertain the fact of whether there were any such. If similar cases were found by the collector, it would be easy for the importer to say that he had knowledge of the same at the time he made his entry, and it would be difficult for the Government to controvert his statement. Under the construction we give the section this could not occur. The importer must have information concerning a specific case which is similar to his own, pending on appeal to reappraisement, and must specify the case or cases in his certificate, and we are convinced that this was the intention of Congress in using the language we are considering in section 489. We feel clear that this is the proper construction, but even were it doubtful we should come to the same conclusion.

In *Zinberg* v. *United States*, 16 Ct. Cust. Appls. 268, T. D. 42870, the paragraph of section 489 here involved was considered. In that case this court said:

It will be observed that the provisions in section 489 in question here do not impose duties, charges, or exactions upon importers, but must be construed as a governmental grant of a privilege. Where a privilege is granted by the Government, any doubt in the interpretation or construction of the statute shall be resolved in favor of the Government. * * *

Customs regulation 268, hereinbefore quoted, which appellant attacks as invalid, is clearly valid under the construction we have given section 489, but if there had been no regulation whatever upon the subject here considered it still would have been his duty, as a condition precedent to securing the benefit of section 489, to specify in his certificate a pending case on appeal for reappraisement which is similar to his own.

As to the point that the record shows that at the time of appellant's entry the collector was aware of at least five similar cases pending on appeal, it is sufficient to say that knowledge of the collector can not operate as a waiver by the Government of a duty imposed upon the importer by the statute. Furthermore, while the record shows that the collector did have the knowledge claimed by the appellant, there is nothing in the record to show that appellant himself had any knowledge or information concerning said five cases, at the time he made his "duress" entry.

As to appellant's contention that the evidence shows a long-established practice contrary to the collector's action in the case at bar, it is only necessary to observe that the claimed practice was to allow amendments of entries after the "duress" certificate was made. In the case at bar no effort was made by appellant to amend the certificate here in question.

The opinion of the lower court in this case is able and well considered, and we find no error in its decision.

The judgment of the United States Customs Court is *affirmed*.